## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:05-CV-2682** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOCTOR GARY LONDIS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Presently before the Court is defendants' motion to dismiss the complaint of plaintiff Mike Perez ("Perez"), or, in the alternative, for summary judgment.  (Doc. 26).  Perez contends that defendants conspired to issue him a retaliatory and false incident report.  For the reasons set forth below, the motion for summary judgment will be granted.

**I.    Statement of Facts**

**A.    <u>Bivens</u>[1] claim**

On July 9, 2003, while incarcerated at the Federal Correctional Institute at Schuylkill, Perez was placed in administrative custody pending an investigation. (Doc. 1, p. 6, ¶ 18; Doc. 27, Ex. 1, p. 2, ¶ 8).  On August 18, 2003, he received an incident

---

[1] <u>Bivens</u> actions are the federal counterpart to § 1983 claims brought against state officials.  <u>Egervary v. Young</u>, 366 F.3d 238, 246 ( 3d Cir. 2004) (citing <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 800 (3d Cir.2001)).  "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a <u>Bivens</u> claim against federal officials."  <u>Schrob v. Catterson</u>  948 F.2d 1402, 1409 (3d Cir. 1991).

report charging him with "conduct which disrupts the orderly running of the institution, most like sexual proposals Code 299 most like 206," and with "[t]hreatening another person with bodily harm or any other offense code 203."[2] (Id. at ¶ 19; Doc. 2-2, p. 3).  The unit disciplinary committee reviewed the matter and forwarded it to a disciplinary hearing officer ("DHO").  (Id. at ¶ 20; id.).

Following a hearing, the DHO concluded that Perez "committed the prohibited act(s) of conduct which disrupts the security and orderly running of the institution, most like, sexual proposals, threatening another person, Code 299, most like 206, 203, on January 3, 2003. . . ."  (Doc. 2-2, p. 7).  He was sanctioned to disciplinary segregation, twenty-seven days loss of good conduct time, and 180 days loss of telephone privileges.  In addition, it was recommended that he be given a disciplinary transfer for the Code 299 (most like 206) violation.  (Id. at pp. 7-8).

Perez filed an  appeal to the regional office.  (Doc. 2-3).  After a review of the evidence it was concluded that the "decision of the DHO [regarding the Code  206] was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the prohibited acts."  (Doc. 2-4, p. 2).  However, the Code 203 charge was remanded for additional investigation.  (Id. at p. 3)  Perez

---

[2]Perez alleges that in April 2002, defendant Londis asked him to observe the activities of inmate Palerno, who was alleged to be gay, and to report the inmate's actions directly to him or to the duty officer if he was unavailable.  (Doc. 1, p. 3, ¶ 4). Perez declined.  (Id. at p. 4, ¶ 5).  Days later, Perez again declined a request that he observe Palerno.  (Id. at ¶¶ 6-9).  Perez contends that the defendants conspired to write a false incident report in retaliation for him rejecting Londis's request that he observe the inmate.

was informed of the following procedures:

> You will be notified of the date and time of any further
> proceedings. After further proceedings, you may recommence the
> administrative remedy process if you desire. Accordingly, your
> appeal is partially granted to the extent that further investigation
> will be conducted with regards to the Code 203 charge.
>
> If you are dissatisfied with this response, you may appeal to the
> General Counsel, Federal Bureau of Prisons. Your appeal must
> be received . . . within 30 calendar days of the date of this
> response.

(Id.).

On November 17, 2003, an Amended DHO Hearing Report was filed in which

it was concluded that the Code 203 charge was duplicitous[3]. (Doc. 2-5). The charge

and accompanying sanctions were expunged from the record. The Code 206 charge

and the sanctions previously imposed were upheld. (Id.) Perez filed an appeal with

the regional level, which was denied. (Doc. 2-7). He again appealed to the regional

level. On January 21, 2004, the appeal was rejected because he had previously filed

at the level and it was necessary for him to appeal to the Central Office. (Doc. 2-9).

His appeal was received in the Central Office on April 5, 2004, and rejected and

returned to him on April 7, 2004, for failure to include a copy of the Regional Office

administrative remedy appeal. (Doc. 2-10). He was informed that he could resubmit

the appeal in proper form within fifteen days of the date of the rejection notice.

(Id.). Perez resubmitted the appeal but it was rejected because he raised more than

---

[3]On January 2, 2004, a second Amended DHO Hearing Report was filed to
correct a typographical error. (Doc. 2-8).

one issue.  (Doc. 2-11).  The Central Office requested that he resubmit information only related to his DHO appeal within fifteen days of the date of the rejection notice. (<u>Id</u>.).  The appeal was submitted a third time, and was again rejected because Perez again raised more than one issue and included continuation pages.  (Doc. 2-12).  He was afforded an additional fifteen days to submit the appeal.  He appealed a fourth time and, again, the appeal was rejected for the same reasons as the prior appeals. (Doc. 2-13).  He was afforded additional time to file the appeal.  He failed to do so.

### B.    Federal Tort Claim Act Claim

According to a search of the computerized indexes of all administrative tort claims filed by inmates, Perez has failed to file an administrative tort claim concerning the issues raised in the complaint.  (Doc. 27, Ex. 2, pp. 2-3).

## II.   <u>Standard of Review</u>

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury."  <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004).  Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim.   F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 56(e); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Corneal v. Jackson Township</u>, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), <u>aff'd</u>, 94 Fed. Appx. 76 (3d Cir. 2004).  "Such affirmative evidence--regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance."  <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 231-32 (3d Cir. 2001)(quoting <u>Williams v. Borough of</u>

West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989).  Only if this burden is met can the

cause of action proceed.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986);

Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see

FED. R. CIV. P.  56(c), (e).

**III.**   **Discussion**

    **A.**   **Bivens Claim**

The Prison Litigation Reform Act (PLRA) requires prisoners to present their

claims through an administrative grievance process before seeking redress in

federal court.  The act specifically provides as follow:

> No action shall be brought with respect to prison conditions
> under section 1983 of this title, or any other Federal law, by a
> prisoner confined in any jail, prison, or other correctional facility
> until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any claim

that arises in the prison setting, regardless of any limitations on the kind of relief

that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S.

516, 532 (2002): Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  "[I]t is beyond the

power of [any] court . . . to excuse compliance with the exhaustion requirement."

Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr.

Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998)).  The PLRA "completely

precludes a futility exception to its mandatory exhaustion requirement."  Nyhuis,

204 F.3d at 71.  The PLRA also mandates that inmates "properly" exhaust

administrative remedies before filing suit in federal court.  Woodford v. Ngo, 126

S.Ct. 2378, 2387 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Inmates may challenge any aspect of his or her confinement using the Bureau of Prison's ("BOP") administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 et seq.  Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  Id. at §542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP.  Id. at §§542.15(a) and 542.18.  No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

Perez concedes that he did not receive a decision on the merits from the Central Office.  He seeks to excuse compliance with the administrative remedy process on the grounds that the Central Office's rejections were done in an attempt to frustrate his exhaustion efforts.  (Doc. 29-1, p. 8).  Perez's argument is unconvincing.  An inmate must take advantage of all administrative remedies available to him.  See Brown v. Croak, 312 F.3d 109, 111 (3d Cir.2002).  An

administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process.  See e.g., Brown, 312 F.3d at 112 (3d Cir.2002) (noting that prison security officials told inmate he must wait to file a grievance until the investigation was complete); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (finding that inmate put on grievance restriction).  In Perez's case, there is no record evidence indicating that the defendants prevented him from using the administrative remedy procedure.  In fact, the record shows that the appeal was available to Perez.  Time and again he was afforded the opportunity to cure the deficiencies of his appeal but consistently chose to submit appeals that were in violation of the procedural requirements.

Perez also argues that his attempt to exhaust his administrative remedies was frustrated when defendants failed to respond to a "sensitive BP-9" that he submitted in October 2003, concerning the issues in the complaint.  (Doc. 29-1, p. 8).  If an inmate reasonably believes that an issue is sensitive, he may submit the request directly to the Regional Director.  If he is dissatisfied with the outcome, he may then appeal that decision to the Central Office.  28 C.F.R. § 542, *et seq.*

There is no record of a sensitive BP-9 having been sent to the Regional Director and Perez does not provide a copy of the BP-9.  Rather, he submits an affidavit stating that "on or about late October of 2003, I mailed a 'sensitive BP-9' properly addressed to the North East Regional Director."  (Doc. 29-5, p. 2).  Even if it is accepted that a BP-9 was sent by Perez, when he met with no success at the regional level, he was then required to proceed with his appeal to the Central Office,

7

which he did not do.

Perez has failed to exhaust his administrative remedies with respect to the issues raised in the complaint.  Consequently defendants' motion for summary judgment will be granted

**B.     FTCA Claim**

The administrative remedy process must be finally decided prior to the commencement of an action in federal court pursuant to the FTCA.  <u>See</u> 28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106 (1993) (finding that "the command that an 'action shall not be instituted . . .  unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing' . . . is unambiguous.").  As noted above, according to a search of the pertinent computerized indexes, Perez has failed to file an administrative tort claim concerning the issues raised in the complaint.  (Doc. 27, Ex. 2, pp. 2-3).  Perez does not dispute this.  Defendants' motion will be granted with respect to the FTCA.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      December 5, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:05-CV-2682** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOCTOR GARY LONDIS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 5th day of December, 2006, upon consideration of defendants'

motion for summary judgment (Doc. 26), it is hereby ORDERED that:

1.    Defendants' motion for summary judgment (Doc. 26) is GRANTED.

2.    The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3.    The Clerk of Court is further directed to CLOSE this case.

4.    Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge