IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIKE PEREZ,** : | **CIVIL ACTION NO. 1:05-CV-2682** |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **DOCTOR GARY LONDIS, et al.,** : | |
| : | |
| Defendants : | |

### ORDER

AND NOW, this 1st day of May, 2007, upon consideration of plaintiff's "motion for leave to file the motion to alter or amend judgment under Rule 59 (e) out of time" (Doc. 34), wherein plaintiff contends that he did not receive this court's December 5, 2006 memorandum and order until December 19, 2006, and it appearing that the burden falls on the prison to establish relevant dates regarding when the memorandum and order were received at the prison and delivered to plaintiff, see United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989) (placing the burden of establishing relevant dates on the prison, as "[t]he prison will be the party with best and perhaps only access to the evidence needed to resolve such questions"); see also In re Flanagan, 999 F.2d 753, 757 (3d Cir. 1993) (noting "prison authorities are in a position to easily show when a document was received or mailed under established prison procedures for recording the date and time at which papers are received by prison officials in the prison's mail room"), and it further appearing that because the Federal Bureau of Prisons ("BOP") does not keep records of incoming mail, unless the mail is marked "Special Mail," and that there

is no indication that the envelope containing the memorandum and order was so marked, that the BOP did not track, log or otherwise notice the mail and, consequently, has no record to establish when plaintiff received the memorandum and order (Doc. 38-3, Declaration of Attorney Advisor John E. Wallace, pp. 3-4, ¶¶ 3,4), it is hereby ORDERED that plaintiff's motion for leave to file his motion to alter or amend judgment out of time (Doc. 34) is GRANTED.  Plaintiff's motion to alter or amend judgment under Rule 59 e (Doc. 34-2) will be addressed when the court's schedule permits.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge